# FEDERAL UNION SURETY COMPANY *v.* BLUE RIDGE MARBLE COMPANY.

The court did not err in dismissing the case upon general demurrer.
SEPTEMBER 18, 1914.

Complaint. Before Judge Patterson. Pickens superior court. March 27, 1913.

The Federal Union Surety Company (hereinafter referred to as the Surety Company, or as the plaintiff), brought suit against the Blue Ridge Marble Company (hereinafter referred to as the Marble Company, or as the defendant), for the recovery of the sum of $2,093.60, with interest, alleging that, "on or about" May 2, 1905, the Stainback-Brown Company (hereinafter referred to as the Stainback Company), bankrupt, through R. E. Wiley, trustee, sought to obtain judgment against the General Supply and Construction Company (hereinafter referred to as the Supply Company), for the sum of $1,075.13, and interest, and sought to have such judgment satisfied out of moneys due the Supply Company by the School District of Pulaski County, Little Rock, Ark., and procured a restraining order preventing payment by said School District to the Supply Company of said amount of money. A copy of the complaint and the restraining order in that case are attached to the petition as exhibits. The Marble Company also made claim to the same amount of money, said amount being claimed both by the Stainback Company and the Marble Company; and while said

matter was still in litigation and undetermined, and while said money was being held up, the Marble Company, entered into an agreement as shown by the following receipt:

"St. Louis, Mo. May 2nd, 1905.

"Received of The General Supply and Construction Co., Ten Hundred and Seventy-Five Dollars and 13/100 ($1075.13), which amount is paid us by said General Supply and Construction Co. on account of Stainback-Brown & Co. It is understood and agreed, in case said General Supply and Construction Co. are-compelled to pay this money to said Stainback-Brown & Co., or their legal representatives or assigns, by legal process, we agree to hold the General Supply and Construction Co. harmless.

[Signed] The Blue Ridge Marble Co. By Harry Dewar, Prest."

On or about October 14, 1905, the Supply Company as principal, and the Federal Union Surety Company as surety, executed a bond in the sum of $1,500, in favor of R. E. Wiley as trustee of the Stainback Company, conditioned that the Supply Company would duly pay any judgment rendered in favor of the plaintiff in the suit which was at that time pending in Pulaski chancery court in the State of Arkansas. A copy of the bond was attached to the petition. On or about January 20, 1908, a judgment was rendered against the Supply Company for the aggregate sum of $1,493.60, to include principal, interest, and costs. Before this judgment was rendered the Supply Company had become insolvent and wholly unable to pay its obligations, and its affairs were in the hands of a receiver, appointed by the circuit court of Franklin county, Kentucky; and by reason of the plaintiff having entered into the bond above referred to, and by reason of the insolvency of the Supply Company, the plaintiff was, on November 6, 1908, compelled to pay said judgment. A copy of the judgment, decree, and an itemized expense bill of costs, together with a certificate with reference to said litigation, were attached to the petition. Prior to payment of said judgment, the plaintiff exhausted every effort possible to get the defendant to comply with its agreement to hold plaintiff harmless from loss on account thereof. Said request and demand were ignored by the Marble Company. Plaintiff contends that it became subrogated to all the rights of the Supply Company and all the indemnity and protection against loss on the claim so paid; and that it is entitled to any and all properties and moneys of every

description belonging to the principal, by virtue of the indemnity contained in the receipt above referred to. This receipt has been turned over to the plaintiff, but the defendant refuses to comply with the terms thereof. Attached as an exhibit to the petition was a suit in the chancery court of Pulaski county, Ark., in which R. E. Wiley, as trustee of the Stainback Company, bankrupt, sought to recover against the General Supply and Construction Company a judgment for $1,200, upon an account stated, alleging that the Supply Company was indebted to the Stainback Company in that amount, that there was then owing to the Supply Company by the School District of Little Rock, Ark., the sum of $5,000, and that this amount was then in the hands of the county treasurer of Pulaski county. The trustee of the Stainback Company prayed for judgment against the Supply Company for $1,200, with interest, and for an order restraining the treasurer of Pulaski county from paying over the amount of $5,000 to the Supply Company without reserving a sufficient part thereof to pay the claim of the trustee in bankruptcy; and that on the trial of the case the board of directors of said School District be directed to draw a warrant for the amount of the judgment obtained by the trustee against the Supply Company. Thereupon the Supply Company gave bond dated October 14, 1905, with the Surety Company as surety thereon, to dissolve the injunction, and conditioned to perform the decree of the chancery court in the case of the trustee against the Supply Company. The trustee of the Stainback Company thereafter obtained judgment against the Supply Company, and the Surety Company as surety on the bond, for $1,200, with interest and costs.

The court dismissed the case upon general demurrer, and the plaintiff excepted.

*Evins, Spence & Moore* and *Clay & Morris,* for plaintiff.

*D. W. Blair,* for defendant.

BECK, J. (After stating the facts.) We are of the opinion that the court did not err in dismissing the case upon general demurrer. No privity of contract was shown between the plaintiff and the defendant. The bond which the plaintiff signed as surety, and upon which its final liability arose, was executed several months after the Supply Company had paid over to the defendant the amount for which the receipt mentioned in the record was given, in which was contained a stipulation that the defendant would hold the

Supply Company harmless. The allegations in the petition do not make it appear that the funds or any part thereof which were held in the hands of the treasurer of the School District were paid to the defendant; because, while there is much confusion in the statements contained in the petition, it is a necessary inference from them, when we consider that the bond for the dissolution of the garnishment was not given until after the defendant received from the Supply Company the amount for which the receipt was given, that the money paid over by the Supply Company was not a part of the funds in the hands of the school board, the release of which was procured by the giving of the bond in which this plaintiff was the surety of the Supply Company. It does not even clearly appear, though it is perhaps inferable, that the money which the Supply Company paid over to the defendant at the time the receipt was given was the same sum of money which is claimed by the Stainback Company, so as to render the defendant in this case liable to the Supply Company had the latter brought suit against it upon the conditions contained in the receipt; but even if the contingency which is referred to in the receipt happened, so as to render this defendant liable to suit by the Supply Company, it does not follow that the plaintiff in this case could maintain a suit upon the happening of the same contingency. It would seem that if the Supply Company could sue this defendant upon the happening of the contingency referred to in the receipt, and recover in such a suit, it would be for the benefit of its creditors generally. Or, had the receipt given by this defendant to the Supply Company been assigned at the time of the execution of the bond in which this plaintiff is surety, so as to show that the money for which this surety became liable under the terms of the bond was that which had been paid over by the Supply Company to this defendant, there might have arisen a case of subrogation; but it did not arise under the facts set forth in the petition, and the court properly dismissed the case upon general demurrer.

*Judgment affirmed. All the Justices concur.*